In re ESTATE OF Melford Adolph **CARLSON, a.k.a. Melford A. Carlson, a.k.a. Melford Carlson.**

No. CO–85–2107.

Court of Appeals of Minnesota.

April 1, 1986.

Thomas J. Burke, White Bear Lake, for appellants.

Harlan E. Smith, Walker, for respondent.

Considered and decided by POPOVICH, C.J., and LANSING and HUSPENI, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This appeal is from an order admitting respondent's husband's will to probate. Appellants claim the trial court erred in admitting a conformed copy of decedent's will because the original which was last seen in testator's possession cannot be found, giving rise to a presumption of revocation which has not been rebutted. We affirm.

## FACTS

Melford A. Carlson died May 18, 1985, age 76 years. His survivors included his second wife, respondent Dorothy F. Carlson; his children, appellants Elizabeth Cullen, Kenneth Carlson, and Eugene Carlson; and his second wife's children, Sharon Miller and Shirley Huntington. He left no other children or issue of deceased children. Respondent's petition estimated testator's estate consisted of the homestead valued at $51,176 and personal property of $100. Value of other real estate was stated as zero.

On April 22, 1975, testator executed his will, giving respondent wife a life estate in the homestead. The remainder of real property interest was divided between appellants (an undivided ¾) and respondent's children (an undivided ¼). The estate's residue was given in equal shares to appellants, and testator's wife was nominated as personal representative. Testator took the original of his will home with him. A conformed copy remained with his attorney.

After testator's death, the original will could not be located. His home was searched thoroughly. Testator did not have a safety deposit box. The conformed copy was submitted.

Appellant Elizabeth Cullen objected to formal probate of testator's will on August 2, 1985. She claimed the original was not offered, but a purported copy. Cullen asserted testator died intestate, having revoked any will he may have had.

A hearing was held on August 5, 1985. Respondent testified she did not know the original's location, she never saw testator physically destroy the original, she never heard testator state he intended to revoke his will, and she was unaware of any other testamentary documents created by testator. Testimony established testator's will was duly executed according to statute. Appellants called no witnesses, apparently seeking only to establish testator was in possession of the original when last seen. Counsel were permitted to submit letter arguments.

On October 4, 1985, the trial court ordered formal probate of testator's lost will. The trial court found:

That the copy of the duly executed and apparently unrevoked last will of the decedent * * * is in the court's possession.

Appeal is made from the October 4 order.

## ISSUE

Does the evidence support the trial court's finding testator's will was lost but not revoked?

## ANALYSIS

1. Appellants claim the trial court erred in finding testator's will was unrevoked. Review is limited to whether the trial court's finding was clearly erroneous. *In re Estate of Langlie*, 355 N.W.2d 732, 735 (Minn.Ct.App.1984). The finding will not be overturned unless we are "left with the definite and firm conviction that a mistake has been committed." *Id.*

The proponent of a lost will must prove it was not revoked. This burden is one to go forward in the face of a common law presumption that a lost will possessed by a testator .has been destroyed. Neither statutes nor appellate decisions in Minnesota impose on the proponent a burden greater than proof by a preponderance of the evidence.

\* \* \* \* \* \*

The contestant must prove revocation, but evidence of loss of a will possessed by the testator switches to the proponent the burden to go forward with evidence. A prima facie showing of nonrevocation compels admission to probate unless it does not preponderate over evidence offered by contestant, who has the ultimate burden of persuasion on revocation.

*Id.* at 735–36 (citations omitted); *see* Minn. Stat. § 524.3–407 (1984).

Here, it is undisputed the original of testator's will is lost. Only a conformed copy exists. Respondent was required to make a prima facie showing the original was not revoked.

A will or any part thereof is revoked

(1) by a subsequent will which revokes the prior will or part expressly or by inconsistency; or

(2) by being burned, torn, canceled, obliterated, or destroyed, with the intent and for the purpose of revoking it by the testator or by another person in his presence and by his direction.

Minn.Stat. § 524.2–507. Respondent testified she was unaware of revocation either by subsequent instrument or by physical destruction or testator's intent to revoke.

Reasonable explanations for provisions in a lost will provide significant circumstantial evidence confirming a finding of nonrevocation. *In re Estate of Langlie,* 355 N.W.2d at 736. Testator's will left a life estate to his wife in the homestead. His children received 75% of the remaining real property interest and the entire residue. His stepchildren received 25% of the remaining real property interest. While respondent did not testify regarding the family's personal relationships with one another, the property division does not appear unreasonable assuming testator's expected relationship with each heir.

 Respondent wife made a prima facie showing of nonrevocation. Burden of proof then shifted to appellants who bear the ultimate burden of establishing revocation of testator's will. Appellants offered no such proof, but instead rely solely on the common law presumption of revocation of a lost will. Such reliance is insufficient. Appellants have not met their burden of proof.

**DECISION**

The conformed copy of testator's will was properly probated.

Affirmed.